IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN REDMOND,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>ROSIE RIVERA,<br><br>　　　　　　　Respondent. | **MEMORANDUM DECISION<br>& ORDER TO AMEND<br>DEFICIENT PETITION**<br><br>Case No. 2:20-CV-376-TS<br><br>District Judge Ted Stewart |

Petitioner, inmate John Redmond, filed a *pro se* habeas-corpus petition, under 28 U.S.C.S. § 2241 (2021) ("The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States . . . ."). Reviewing the Petition, (ECF No. 5), the Court concludes that it must be amended to cure the below deficiencies if Petitioner wishes to further pursue his claims.

## DEFICIENCIES IN PETITION

Petition:

(a)　　is not on the form required by the Court.

(b)　　is not signed.

(c)　　impermissibly asserts civil-rights claims (e.g., conditions of confinement) which are appropriately brought in separate § 1983 complaint/case.[1]

---

[1] Indeed, it appears likely that Petitioner is trying to make an end run around the constraints he faces. Now that he has filed in the federal-court system at least three prisoner civil-rights cases that fail to state a claim upon which relief may be granted, *see Redmond v. Ritchie*, No. 1:17-CV-188-LJM-DML (S.D. Ind. Jan. 24, 2017), he knows that he must pay the whole $350 court filing fee up front to initiate a prisoner civil complaint. *See* 28 U.S.C.S. §

(d)     does not request the core relief expected of habeas petition: release from custody.

(e)     has claims possibly based on illegality of Petitioner's current confinement; however, petition apparently not submitted using legal help Petitioner entitled to by Petitioner's institution under Constitution--e.g., by contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*'adequate* law libraries or *adequate* assistance from persons trained in the law'* . . .* to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## INSTRUCTIONS TO PETITIONER

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or]

---

1915(g) (2021). Thus, he has filed in this Court a spate of § 2241 petitions--at a cost of $5 per case, and not limited by § 1915(g)--when the types of claims brought are really civil-rights claims.

construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before refiling his petition:

**(a)** Revised petition must stand entirely on its own and not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original)

**(b)** Petitioner must clearly state whom his custodian is and name that person (warden or ultimate supervisor of imprisonment facility) as the respondent. *Cf.* R.2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

**(c)** Federal rule requires the petition to:

>       (1) specify all the grounds for relief available to the petitioner;
>       (2) state the facts supporting each ground;
>       (3) state the relief requested;
>       (4) be printed, typewritten, or legibly handwritten; and
>       (5) be signed under penalty of perjury by the petitioner or
> by a person authorized to sign it for the petitioner under 28 U.S.C.
> § 2242.

*Cf.* R.2(c), Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

**(d)** Petitioner may generally not bring civil-rights claims as to conditions of confinement in a habeas-corpus petition.

**(e)** Any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2020); any claims about the execution of Petitioner's imprisonment should be brought under *id.* § 2241.

**(f)** Petitioner should get help to prepare initial pleadings from legal resources available where Petitioner is held.

# O R D E R

**IT IS HEREBY ORDERED** that:

**(1)** Petitioner shall have **thirty days** to cure the above deficiencies. In response to this Order, the Court will accept one document entitled, "Amended Petition." The Amended Petition shall include all issues, arguments, and citations in one document, with no reference to any other document. The Amended Petition is the only document the Court will review to determine whether to order Respondent to answer. *Cf.* R.4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. (stating court--on its own--shall examine petition for petitioner's entitlement to relief and dismiss petition or order answer as warranted).

**(2)** The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to directions.

**(3)** If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

**(4)** Petitioner must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the [petitioner] fails to prosecute or to comply with these rules or a court order, a [respondent] may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--

except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.").

**(5)** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than fourteen days before the deadline to be extended.

**(6)** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

DATED this 5th day of October, 2021.

BY THE COURT:

_____
JUDGE TED STEWART
United States District Court